**CITIES SERVICE COMPANY, Plaintiff,**
v.
**UNITED STATES of America,**
**Defendant.**
**No. 67 Civ. 4606.**

United States District Court,
S. D. New York.

June 21, 1971.

**422**

---

Robert J. Casey, New York City, for plaintiff; Thomas E. Tyre, John A. Craig, John K. Antholis, Casey, Tyre, Wallace & Bannerman, New York City, James W. Robinson, Frueauff, Farrell, Sullivan & Bryan, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., for the United States; Brian J. Gallagher, Asst. U. S. Atty., of counsel.

WYATT, District Judge.

This is a second motion by defendant for a summary judgment in its favor. Fed.R.Civ.P. 56. The motion must be denied.

The action is for refund of income taxes paid by plaintiff for the two years ending respectively on December 31, 1953 and December 31, 1954. 26 U.S.C. § 7422. Jurisdiction is asserted, and appears to exist, under 28 U.S.C. § 1346(a)(1).

Plaintiff in 1947 issued thirty year 3% debentures in exchange for shares of its own $6 preferred stock, $6 preference BB stock, and 60¢ preference B stock. By the terms of the indenture, plaintiff was required to retire annually $1,500,000 principal amount of debentures.

In 1953 and in 1954, plaintiff purchased in the open market, and retired, in excess of $1,500,000 principal amount of debentures.

Plaintiff asserts that when the debentures were issued in 1947 it received less in value for them than their face (principal) amount.

Starting from this assertion, plaintiff then has two alternative theories to support the present claim for income tax refund:

first, that plaintiff paid more in the open market for the debentures retired in 1953 and 1954 than plaintiff had received for them on issuance in 1947 and that this difference is a "loss" deductible under 26 U.S.C. § 165(a); or

second, that the debentures were issued in 1947 at a discount, the amount of which is deductible, prorated over the 30 year life of the debentures, under Treas. Reg. § 1.61–12(c) (3).

Defendant moved for summary judgment and the matter was heard by Judge Mansfield on February 10, 1970.

On July 24, 1970, Judge Mansfield filed a careful opinion, since reported at 316 F.Supp. 61. This opinion sets out the factual and legal background, which will not be repeated here.

The motion of defendant for summary judgment was in all respects denied.

Judge Mansfield further found that plaintiff was entitled to summary judgment as to all issues of law and as to all issues of material fact, except one: "the value to plaintiff of the preferred and preference shares received by it upon issuance of its debentures". 316 F.Supp. at 74.

An order was directed to be settled on notice.

It appears that defendant submitted a proposed order on October 16, 1970 containing a statement under 28 U.S.C. § 1292(b) to permit an interlocutory appeal; that plaintiff submitted a counter order on October 20, 1970; that defendant wrote to Judge Mansfield on November 30, 1970 advising him that defendant would make a second motion for summary judgment, stating that it seemed to be appropriate "to delay any certification of issues for appeal until this motion is decided", and expressing the hope that Judge Mansfield would accept a reference of the second motion for summary judgment.

Defendant then made the present (second) motion for summary judgment.

The Reply Memorandum for defendant (page 11) contains this sentence:

"On December 18, 1970, the defendant was advised that Judge Mansfield would be unable to accept a reference of the motion."

This second motion for summary judgment by defendant then came on to be heard by me in the civil motion part on February 9, 1971.

On February 11, 1971, Judge Mansfield filed an order on his decision. The form of order was that submitted by plaintiff. There was no statement to permit an interlocutory appeal under 28 U.S.C. § 1292(b).

This second motion of defendant for summary judgment is in actuality a motion to reargue the motion denied by Judge Mansfield. The procedure followed by the government is of doubtful propriety, to say the least. I decline to examine the merits of the decision of Judge Mansfield. I accept that decision as the law of the case in this Court. If the decision be wrong—and by no means do I suggest that it is wrong—in the fullness of time the government may secure a correction in the Court of Appeals.

The excuse of the government for this second motion for summary judgment is that on November 13, 1970 the Court of Claims handed down a second decision (on a motion for rehearing) in Missouri Pacific R. R. v. United States, 433 F.2d 1324, 193 Ct.Cl. 257. According to the government, under this decision "the value to plaintiff of the preferred and preference stocks it received in exchange for its bonds was no less than the maturity value of these bonds" (Memorandum, pp. 3–4). The government points out that in *Missouri Pacific*, the Court concluded that the value of the stock given up in exchange for bonds "has authoritatively been found * * * [by the Interstate Commerce Commission] to be not less than the maturity value of the bonds

exchanged" (433 F.2d at 1326). The government says that in the case at bar the SEC similarly found that the new debentures of plaintiff were the "equitable equivalent" of the preferred and preference shares in exchange. Thus, the government says that on the one issue left by Judge Mansfield for trial, defendant is entitled to summary judgment.

The argument for the government is without merit.

The second decision in *Missouri Pacific* has nothing whatever to do with the case at bar. This second decision accepted the reasoning of Judge Mansfield on *another* point, not now in issue here. The value of the stock there given in exchange had already been determined by the Interstate Commerce Commission; no trial was necessary to find this value. The Interstate Commerce Commission had made this determination (290 ICC at 678): "* * * the value of the stock is fixed at $250 per share in new securities".

In the case at bar the inquiry is: did the SEC determine the value of the preferred and preference stocks of plaintiff received in exchange for its new debentures?

Judge Mansfield has already determined that the answer to this inquiry is "no". Among other things, his opinion stated (316 F.Supp. at 68):

"Nor did the SEC's determination that the plan was fair and equitable to all parties and that the debentures were the 'equitable equivalent' of the rights surrendered imply that the debentures were worth their face value at the time of issuance. It merely meant that their discounted value was approximately equal to the value of the properties received in exchange."

The motion of defendant is in all respects denied.

So ordered.